IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANGELA M. LEE                                                              PLAINTIFF

v.                              No. 4:12-cv-210-DPM

LIMITED BRANDS STORE
OPERATIONS, INC.; and
VICTORIA'S SECRET STORES LLC                              DEFENDANTS

## ORDER

The Court has received the attached letter and enclosures from counsel on behalf of the unserved defendants. The Court will disregard these materials until they are properly presented. And the Court admonishes the defendants and their counsel that they should communicate with the Court on any substantive matter by filing papers with the Clerk, not by sending letters to chambers with a copy to Lee.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

17 May 2012

# VORYS

**Vorys, Sater, Seymour and Pease LLP**
Legal Counsel

52 East Gay St.
PO Box 1008
Columbus, Ohio 43216-1008

614.464.6400 | www.vorys.com

Founded 1909

Adam J. Rocco
Direct Dial (614) 464-6286
Direct Fax (614) 719-4804
Email ajrocco@vorys.com

May 9, 2012

## VIA OVERNIGHT CARRIER

Hon. D. P. Marshall Jr.
600 West Capitol, Room B155
Little Rock, AR 72201

    Re:   *Angela M. Lee v. Limited Brands Store Operations, Inc. and Victoria's Secret Stores, LLC*;
           Case No. 4:12-cv-210-DPM

Dear Judge Marshall:

    We are counsel for Defendants Limited Brands Store Operations, Inc. ("LBSO") and Victoria's Secret Stores, LLC ("VSS"). Although Defendants have yet to be served in the above-captioned matter, we became aware of Plaintiff Angela Lee's wrongful termination complaint by reviewing court filings. Further, we understand that the Court has given Plaintiff until June 6, 2012 to: (1) file a complete, signed application to proceed without prepaying fees or costs; and (2) to amend her complaint to allege sufficient facts to demonstrate that the Court has jurisdiction.

    Prior to filing her current complaint, Plaintiff Angela Lee filed Case No. 4:11-cv-00236-SWW in the United States District Court for the Eastern District of Arkansas on March 14, 2011 ("first lawsuit"), against LBSO and VSS. In her first lawsuit, Plaintiff also alleged that she was wrongfully terminated from VSS. Specifically, Plaintiff alleged that she was wrongfully terminated because of her race. On June 14, 2011, Judge Wright dismissed Plaintiff's claims against LBSO. On March 2, 2012, Judge Wright dismissed Plaintiff's complaint with <u>prejudice</u> for failure to prosecute. Enclosed please find a copy of the following filings from Plaintiff's first lawsuit: (1) her complaint; (2) the June 14, 2011 order dismissing LBSO; and (3) the March 2, 2012 order dismissing Plaintiff's complaint with prejudice. We thought this information might be useful to the Court when reviewing Plaintiff's complaint and any subsequent amendments thereto. Once properly served, Defendants intend to file a motion to dismiss on *res judicata* grounds. *See Lane v. Paterson*, 899 F.2d 737, 742-43 (8th cir. 1990).

Columbus | Washington | Cleveland | Cincinnati | Akron | Houston

**VORYS**
Legal Counsel

Hon. D. P. Marshall Jr.
May 9, 2012
Page 2

                                             Very truly yours,

                                             *Adam J. Rocco, jr*

                                             Adam J. Rocco

AJR/ajr

cc:    Angela M. Lee.
       James M. Gary, Esq.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 14 2011

JAMES W. McCORMACK, CLERK
By: SDavis
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ANGELA M. LEE    This case assigned to District Judge Wright     PLAINTIFF
and to Magistrate Judge Ray

VS.      4:11cv236 SWW

LIMITED BRANDS STORE OPERATIONS, INC.
And VICTORIA'S SECRET STORES, LLC      DEFENDANTS

## COMPLAINT

Plaintiff brings this action against Defendant, Limited Brands Store Operations, Inc. and Victoria's Secret Stores, LLC because Plaintiff was terminated from her employment with Defendants as a result of Defendants' pattern and practice of unlawful race discrimination, and as a result of Defendants' conspiracy to deprive persons of civil rights and interference with equal privileges and immunities under the laws, in violation of 42 U.S.C.A. § 1981; 42 U.S.C.A. § 1985(3); Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq., as amended ("Title VII").

### The Parties

1. Plaintiff, Angela M. Lee, is of the Black race, and a woman. Plaintiff timely filed a Charge with the EEOC, and received a Notice of Right to Sue on or after December 15, 2010.

2. Defendants, Limited Brands Store Operations, Inc. and Victoria's Secret Stores, LLC are foreign corporations doing business within the State of Arkansas, which may be served with Summons and Complaint by serving their registered agent for service of process, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201. Defendants are joint employers or an integrated enterprise within the meaning of Title VII.

2

## Jurisdiction

3.  Jurisdiction is conferred on this court pursuant to 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1332. Venue is proper in this court pursuant to 28 U.S.C.A. § 1391.

## Facts

4.  Plaintiff began working for Defendants at the North Little Rock location of Victoria's Secret in the McCain Mall. She worked in the position known as the "Category Manager", who satisfactorily performed the position of her job.

5.  In March of 2010, Plaintiff applied for a Manager's position with the Defendants, and although she was told she would receive an interview, she was called at home by the district manager and was told that the position was already filled. On information and belief, the Defendants hired a Caucasian to take the position of Manager, and sought to terminate the Plaintiff, as Plaintiff, would recognize that a less qualified person was hired in the position sought by the Plaintiff.

6.  On or about April 2, 2010, Defendant was interviewed about alleged policy violations, and it became apparent to the Defendant that the District Manager, and the Loss Prevention Manager were seeking to make up and document a false reason to discharge the Defendant from employment, as the Defendant had actually substantially complied with all of the policies and conducted the procedures of the job, although on certain procedures she had never received proper and adequate training. Nevertheless, she performed the duties in accordance with the store routine, in which the LP manager was well aware.

7.  On or about April 7, 2010, the District Manager, Michelle Repass, and Darin Linnel, (LP Manager) both of the white race, arrived at the store with new personnel obviously there to take over the Defendant's job. The Defendant was still an employee at that time.

8. On April 7, 2010, the District Manager and the LP manager attempted on several occasions to "trap" the Plaintiff with an action to set up a circumstance for which the Defendant had one prior "write up", (leaving keys in the office) which, by its own terms had "expired", as of the date in question. Plaintiff was told by Repass and Linnel that her employment was terminated, effective immediately, and gave false reasons for the discharge.

9. Plaintiff was told by the Defendant representatives, Repass, and Linnel that the Defendant failed to complete deposit records properly, and failed to follow correct procedures on damaged goods, and that Plaintiff spent time on Facebook, instead of working. They also claimed that the safe had been left open, and blamed Plaintiff for it.

10. The Defendants' representatives were unable to provide Plaintiff with any dates on which these events allegedly occurred, and no documentation was provided to Plaintiff in this regard. Plaintiff had never been written up or counseled on these items. While Plaintiff might not have "signed off" on deposit forms, she was never trained on the requirements, and was not trained on how to handle damaged merchandise. The allegation concerning the use of Facebook was completely false, and the safe had a defect or problem, not the fault of the Plaintiff.

11. Plaintiff asserts that the reasons given for her discharge are false or otherwise a pretext to hide race discrimination. Other Caucasian employees have failed to follow procedures and were not terminated from their employment.

12. Plaintiff was discharged from her employment, and was replaced by a Caucasian female.

## COUNT I.
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS, IN VIOLATION OF 42 U.S.C.A. § 1985(3)

13. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth here.

14. Defendants have conspired within and between themselves as separate corporate entities and individuals to segregate their employees, specifically, based on race. Through this practice of racial segregation, Defendants have deprived a class of persons, including, but not limited to, racial minorities and, in other instances, Caucasian employees, of equal protection of the laws, and of equal privileges and immunities under the laws, and have individually and in concert acted in furtherance of that conspiracy.

15. Plaintiff was injured by Defendants' conspiracy in that she is a member of a protected class and was deprived of a property interest in her continued employment, in violation of 42 U.S.C.A. § 1985(3).

16. Plaintiff is entitled to damages, as set forth below.

## COUNT II.
## RACE DISCRIMINATION, IN VIOLATION OF TITLE VII

17. Plaintiff incorporates each and every preceding paragraph of this Complaint as if set forth fully here.

18. Plaintiff is a black woman who was terminated from Defendant, because of her race, and was replaced by Defendants by a less qualified Caucasian. Defendants' actions constitute unlawful, intentional sex discrimination in violation of Title VII of the Civil Rights Act, as amended.

19. Plaintiff is entitled to damages, as set forth below.

4

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted: Plaintiff be awarded a declaratory judgment that Defendants have violated 42 U.S.C.A. § 1981, 42 U.S.C.A. § 1985(3), Title VII of the Civil Rights Act, as amended; this court enter a permanent injunction prohibiting Defendants from engaging in unlawful employment practices in violation of 42 U.S.C.A. § 1981, 42 U.S.C.A. § 1985(3), Title VII of the Civil Rights Act; full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest; reinstatement to Plaintiff's former position with Defendants, or, in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and pension; Plaintiff have and recover compensatory damages; Plaintiff have and recover punitive damages; Plaintiff have and recover liquidated damages in an additional amount equal to her back pay and benefits; Plaintiff have and recover damages occasioned by Defendants' conspiracy, since she was deprived of property interests pursuant to 42 U.S.C.A. § 1985(3); Plaintiff have and recover her attorney's fees and costs of litigation; and such other and further relief that this Court or the finder of fact deems equitable and just.

Dated: March 14, 2011.

                    ANGELA LEE, *Plaintiff*

                    Angela Lee, Pro Se
                    3800 N. 27th
                    Fort Smith, Arkansas 72904

                    */s/ Angela M. Lee*
                    Angela Lee

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA M. LEE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:11CV00236 SWW |
| | * | |
| LIMITED BRANDS STORE OPERATIONS, | * | |
| INC. and VICTORIA'S SECRET STORES | * | |
| LLC, | * | |
| | * | |
| | * | |
| Defendants. | * | |

**Memorandum and Order**

Plaintiff, who is proceeding *pro se*, filed this complaint alleging race discrimination in employment. Defendants filed a motion to dismiss to which plaintiff failed to timely respond.

Plaintiff alleges she was employed by Victoria's Secret Stores LLC ("VSS") at its location in McCain Mall in North Little Rock, Arkansas. In addition to VSS, plaintiff sues Limited Brands Store Operations, Inc. ("LBSO"), alleging VSS and LBSO are "joint employers or an integrated enterprise within the meaning of Title VII." Compl. at ¶ 2. Defendants move for dismissal of plaintiffs' claims against LBSO for failure to state a claim for relief. They also move for dismissal of plaintiff's conspiracy claim.

In deciding whether plaintiff states a claim, the Court must determine whether she has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must be

Case 4:11-cv-00296-SWW Document 18 Filed 06/14/11 Page 2 of 5

sufficient to "nudge the . . . claims across the line from conceivable to plausible." *Id.* at 570.

To determine whether a joint employer relationship exists in a Title VII case, a court must consider four factors: (1) the interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 391 (8th Cir.1977); *Sandoval v. American Bldg. Maintenance Indus., Inc.*, 578 F.3d 787, 793 (8th Cir. 2009). Because plaintiff fails to allege sufficient facts to support her claim that LBSO was her employer or that LBSO and VSS are "joint employers" or an "integrated enterprise," the Court finds her claims against LBSO should be dismissed.

Defendants also move for the dismissal of plaintiff's conspiracy claim under 42 U.S.C. § 1985(3). Plaintiff alleges defendants "conspired within and between themselves as separate corporate entities and individuals to segregate their employees, specifically, based on race." Compl. at ¶ 14. The Court finds that even if LBSO were a proper defendant, the intracorporate conspiracy doctrine bars claims against organizations that are part of the same corporate structure. *See Bond v. IMFS, Inc.*, 727 F.2d 770, 771 (8th Cir. 1984)("'[I]f the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or in the act itself will not normally constitute the conspiracy contemplated by [§ 1985(3)]'"). Further, plaintiff fails to allege facts to support the existence of a "conspiracy" between LBSO and VSS. She alleges only that agents of the same corporation conspired to cause her termination. Plaintiff alleges no facts to support a finding that there was a "meeting of the minds" between LBSO and VSS to terminate her employmemt.

IT IS THEREFORE ORDERED that plaintiff's claims against LBSO are dismissed, and plaintiff's claim pursuant to 42 U.S.C. § 1985(3) is dismissed.

DATED this 14th day of June, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

3

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA M. LEE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:11CV00236 SWW |
| | * | |
| LIMITED BRANDS STORE OPERATIONS, INC. and VICTORIA'S SECRET STORES LLC, | * * * | |
| | * | |
| | * | |
| Defendants. | * | |

**Memorandum and Order**

Before the Court is defendant's motion to dismiss for lack of prosecution and failure to comply with the order of this Court. Plaintiff failed to timely respond to the motion.[1]

By previous Order the Court informed the plaintiff of her responsibility to be familiar and comply with all the Federal Rules of Civil Procedure as well as the Local Rules of this Court. The Court told her that failure to comply with the rules could result in dismissal of her claim.[2]

On January 12, 2102, the Court directed plaintiff to immediately respond to defendant's discovery requests and provide defendant with dates for a deposition. The Court again warned her that failure to abide by the Court's Order could result in dismissal of her case. According to defendant, plaintiff failed to comply with the Court's discovery order, and the record reflects plaintiff did not file a response to any of the defendants' previous motions or participate in the

---

[1] Local Rule 7.2(b) requires that within fourteen (14) days from the date of service of copies of a motion and supporting papers, a party opposing the motion must file a response to the motion.

[2] *See* docket entry 5.

Rule 26(f) conference.

Local Rule 5.5(c)(2) provides that a party appearing *pro se* has the duty to prosecute her action diligently. Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to prosecute or comply court orders, the defendant may move for dismissal. Under Fed.R.Civ.P. 37(b)(2)(v), one of the available sanctions for a party's failure to comply with a discovery order is dismissal of the action. Because the plaintiff has failed to prosecute her case and failed to comply with the Court's January 2012 Order, the Court finds that her complaint should be dismissed.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [docket entry 37] is granted. Plaintiff's complaint is dismissed with prejudice. Judgment will be entered accordingly.

DATED this 2nd day of March, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| ANGELA M. LEE, | * |
| Plaintiff, | * |
| vs. | * No. 4:11CV00236 SWW |
| LIMITED BRANDS STORE OPERATIONS, INC. and VICTORIA'S SECRET STORES LLC, | * |
| Defendants. | * |

## JUDGMENT

Pursuant to the Memorandum and Order entered in this matter on this day, and the Memorandum and Order entered in this matter on June 14, 2011, it is CONSIDERED, ORDERED, and ADJUDGED that this complaint be and is hereby dismissed with prejudice.

DATED this 2nd day of March 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE